# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| J. C. PENNEY CORPORATION, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-364 |
| SEPHORA USA, INC., | § § § | |
| Defendant. | § | |

## SEPHORA USA, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332(a), 1441(b), and 1446, Defendant Sephora USA, Inc. ("Sephora") hereby removes this action from the District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas. In support of this Notice of Removal, Sephora states as follows:

1. On April 27, 2020, Plaintiff J.C. Penney Corporation, Inc. ("JCP"), filed the case captioned *J.C. Penney Corporation, Inc. v. Sephora USA, Inc.*, Cause No. 471-02242-2020, in the District Court of Collin County, Texas, 471st Judicial District (the "State Court Action").

2. On April 27, 2020, Sephora received a copy of Plaintiff's Verified Original Petition and Applications for Declaratory Judgment, Temporary Restraining Order and Temporary Injunction (the "Petition"), as well as an *ex parte* Temporary Restraining Order the state court issued on the same date.

3. On April 29, 2020, Sephora was served with a copy of the Temporary Restraining Order. A copy of the Collin County Docket Sheet is attached to this Notice as Exhibit A. Copies of the Petition, Temporary Restraining Order, and other pleadings and filings in the State

Court Action that Sephora has received or has been able to access on the Court's docket are attached as Exhibit B. These documents constitute all process, pleadings, answers, and orders in the State Court Action that Sephora has received or has been able to access on the Court's docket.

4. To date, Sephora has made no appearance in the State Court Action.

5. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

6. Given that the Petition was filed on April 27, 2020, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Concurrent with the filing of this Notice, Sephora is serving the Notice on JCP, and will promptly file a copy of the Notice with the Clerk of the District Court of Collin County, Texas, pursuant to 28 U.S.C. § 1446(d).

8. Attached as Exhibit C and pursuant to Local Rule CV-81 is a list of all parties in the case, their party type, and the current status of the State Court Action; a list of all attorneys involved in the State Court Action, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney; a list of which parties (if any) have requested jury trial; and the name and address of the court from which the State Court Action was removed.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Texas, Sherman Division, is the "district and

division embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a).

10. As shown below, this case is subject to removal to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

## **DIVERSITY JURISDICTION**

11. Federal district courts have subject matter jurisdiction in civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

12. *First*, there is complete diversity of citizenship among the parties to this case. *See* 28 U.S.C. § 1332(a)(1).

13. JCP is a Delaware corporation with its principal place of business in Plano, Texas. JCP is therefore a citizen of Delaware and Texas for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

14. Sephora is a Michigan corporation with its principal place of business in San Francisco, California. Sephora is therefore a citizen of Michigan and California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

15. Plaintiff JCP and Defendant Sephora are the sole parties to this case.

16. *Second*, the amount in controversy in this case exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a).

17. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. To put it another way, the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (internal citation omitted).

18. As alleged in the Petition, JCP and Sephora are parties to an Amended and Restated Joint Enterprise Operating Agreement effective February 1, 2009 (the "Agreement").

19. The Agreement governs the parties' relationship related to their operation of hundreds of Sephora stores inside JCP locations.  *See* Ex. A, ¶ 15.

20. JCP states in its Petition that the Agreement has a value well in excess of $1,000,000.  *See* Ex. A, ¶ 5.

21. The Agreement does have a value well in excess of $1,000,000.

22. Absent termination or modification, the current term of the Agreement calls for the Agreement to continue for several more years.  *See* Ex. A, ¶ 18.

23. In the State Court Action, JCP seeks a declaratory judgment that Sephora has no right to terminate the Agreement.  *See* Ex. A, ¶ 43.  Sephora believes it has such a right.

24. JCP thus seeks to have a court adjudicate the parties' rights concerning a contractual relationship the parties agree has a value well in excess of $75,000 and therefore the "amount in controversy" exceeds the threshold required to establish diversity jurisdiction.

25. Because this case is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

26. Nothing in this removal shall be interpreted as a waiver or relinquishment of Sephora's right to assert any defense or affirmative matter, including, but not limited to, any defense outlined in Fed. R. Civ. P. 12, any equivalent rule under the law of the state of Texas, and any other defense which may be available pursuant to any applicable state or federal law.

**WHEREFORE**, Sephora removes the above-captioned action from the District Court of Collin County, Texas, to the United States District Court for the Eastern District of Texas.

DATED: May 1, 2020						Respectfully submitted,

*/s/ C. Scott Jones*
**C. Scott Jones**
  Texas Bar No. 24012922
  sjones@lockelord.com
**M. Taylor Levesque**
  Texas Bar No. 24107296
  taylor.levesque@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800


And


Robert E. Shapiro (*pro hac vice* to be filed)
Joshua W. Mahoney (*pro hac vice* to be filed)
BARACK FERRAZZANO KIRSCHBAUM & NAGELBERG LLP
200 W. Madison St., Suite 3900
Chicago, IL  60606
(312) 984-3100
rob.shapiro@bfkn.com
joshua.mahoney@bfkn.com


**ATTORNEYS FOR SEPHORA USA, INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 1, 2020, the foregoing document was served on the on the following via Texas e-file system pursuant to the Texas Rules of Civil Procedure:

Jeremy A. Fielding
Texas Bar No. 24040895
jeremy.fielding@kirkland.com Michael Kalis
Texas Bar No. 24092606
michael.kalis@kirkland.com
KIRKLAND & ELLIS LLP
1601 Elm Street
Dallas, Texas 75201
(214) 972-1770

ATTORNEYS FOR PLAINTIFF J. C. PENNEY CORPORATION, INC.


/s/ *C. Scott Jones*
C. Scott Jones